**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 15-175-DLB-CJS**

**HILLS DEVELOPERS, INC. and ANABASIS, LLC**                    **PLAINTIFFS**


**vs.**                    **MEMORANDUM OPINION AND ORDER**


**THE CITY OF FLORENCE, KENTUCKY**                    **DEFENDANT**

* *   * *   * *   * *   * *   * *   * *   * *

**I.     Introduction**

Plaintiffs Hills Developers, Inc. and Anabasis, LLC (collectively "the Developer") seek reconsideration of the Court's prior Memorandum Opinion and Order (Doc. # 25). Specifically, the Developer claims that the Court "overlooked Plaintiffs' facial challenges in dismissing [their] constitutional claims" and that the Court's prior Order "demonstrates a clear error of law and fact and a need to prevent manifest injustice that warrants relief under Rules 59(e) and 60(b)."  (Doc. # 26).   For the reasons outlined below, the Developer's Motion for Reconsideration will be **granted in part** and **denied in part**.

**II.     Factual and Procedural Background**

In 1996, when the City of Florence approved a zoning request for the entire Plantation Pointe development in Florence, Kentucky, the City specifically requested that the prior owner of the property agree to an owner-occupied condition.  (Doc. # 1 at 5).  The prior owner consented to the restriction.  *Id.*  At some time between 1996 and 2006, the

1

Developer[1] purchased real property located in the Plantation Pointe development.  *Id.*

When the Developer purchased the property from the prior owner, it was aware of the

owner-occupied condition.  *Id.*

In 2007 and 2008, the Developer constructed two multi-unit condominium buildings,

both of which are currently owner-occupied, on this parcel of land.  Initially, the Developer

intended to construct five more multi-unit condominium buildings.  *Id.* at 2.  However, the

economic recession halted those plans and the Developer kept the unimproved land,

waiting for the economy to improve.  *Id.*  In 2015, the Developer began to prepare for

construction of the other five buildings, but planned to retain ownership and rent the units

in the new five buildings.  *Id.*  Because that use was prohibited by the owner-occupied

condition, the Developer submitted a zoning application for a map amendment to the City,

seeking removal of the restriction.  *Id.* at 4.  On September 8, 2015, the City voted to deny

the Developer's request for removal of the owner-occupied condition.  *Id.* at 6.

On October 6, 2015, the Developer filed this civil rights action against the City

pursuant to 42 U.S.C. § 1983.  *Id.*  Specifically, the Developer claimed the City had violated

its equal protection, substantive due process, and procedural due process rights.  *Id.* at 9-

12.  In response, the City filed a Motion to Dismiss (Doc. # 22), which the Court granted by

prior Order.  (Doc. # 25).  The Developer now seeks reconsideration of the Court's prior

Order dismissing its Complaint, claiming that the Court incorrectly determined that its

---

1        Plaintiff Hills Developers, Inc. is a "real-estate company specializing in the development,
         construction, ownership, acquisition, financing, and management of multi-family apartment
         communities and commercial real estate."  (Doc. # 1, p. 1-2, ¶ 2-3, 10).  Its subsidiary,
         Plaintiff Anabasis, LLC, actually owns the 11.586-acre tract of land at issue in this case.
         *Id.*

causes of action were time-barred and arguing the merits of its constitutional claims. (Doc. # 26).  The Motion for Reconsideration is fully briefed (Docs. # 28 and 29), and ripe for review.

**III.    Analysis**

   **A.    *Standard of Review***

The Developer's Motion for Reconsideration focuses on Federal Rules of Civil Procedure 59(e) and Rule 60(b) as potential avenues for the Court to revisit its previous Memorandum Opinion and Order (Doc. # 25), granting the City's Motion to Dismiss and dismissing the Developer's Complaint.   Because the Developer filed its Motion for Reconsideration within the 28-day time period established under Rule 59(e), the Court will review the motion under Rule 59(e).  *See Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001).

"A court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"  *ACLU of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  The grant or denial of a Rule 59(e) motion "is within the informed discretion of the district court." *Gen. Corp, Inc., v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999); *see also Leisure Caviar v. United States Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) ("A district court, generally speaking, has considerable discretion in deciding whether to grant [a Rule 59(e)] motion.").  The Developer does not allege that there is newly discovered evidence or an intervening change in controlling law; thus, the Motion to

Reconsider is appropriate only if the Court committed a clear error of law or if there is a need to prevent manifest injustice.

### B.    *Statute of Limitations*

The Developer argues that it was clear error for the Court to dismiss its claims as time-barred under the statute of limitations.  The Developer specifically contends that it has a "legitimate interest in using and renting" its property free from the owner-occupied restriction, and therefore the City "has no right to enforce that condition against any property ... no matter how much time passes since its first enactment."  (Doc. # 26 at 2). The Developer also claims the City's statute-of-limitations argument "lose[s] sight of the forest through the trees."  *Id.* at 4-5.  The Developer is mistaken.  Before you arrive at the forest, you must pass through a gate – the statute of limitations.  And failure to comply with the statute of limitations can extinguish your claims.

The Supreme Court has held that "statutes of limitations for § 1983 actions are borrowed from state law."  *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997).  But, "the question of how to characterize § 1983 actions to determine the most analogous state statute of limitations is a question of federal law."  *Id.* (quoting *Wilson v. Garcia*, 471 U.S. 261 (1985)); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In this case, the parties agree that the applicable statute of limitations is one year.

However, there is significant debate regarding the date of accrual for the Developer's causes of action.  The City argued that the Developer's causes of action accrued in 1996, when the owner-occupied condition was first imposed, or alternatively, the date that the Developer purchased the property.  Because the Developer did not file suit until October 6, 2015, either of these accrual dates would time-bar the Developer's claims.  The

Developer insists that the date of accrual is September 8, 2015, the date that the City denied its request to re-zone the property, bringing this action well-within the statute of limitations.

"[T]he accrual date of a § 1983 cause of action is a question of federal law" and "is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388. Generally, "it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action." *Id.* (internal citations and quotation marks omitted). Put another way, "the limitations period starts to run 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Kuhnle Bros.*, 103 F.3d at 520 (quoting *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). To determine "when the cause of action accrues" in the § 1983 context, the Sixth Circuit has "looked to what event should have alerted the typical lay person to protect his or her rights." *Id.* (citing *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)).

However, a statute of limitations is tolled when there is a "continuing violation." The Sixth Circuit has "adopted a three-part inquiry for determining whether a continuing violation exists." *Tolbert v. State of Ohio Dept. of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999). "First, the defendant's wrongful conduct must continue after the precipitating event that began the pattern." *Id.* "Second, injury to the plaintiff must continue to accrue after that event." *Id.* "Finally, further injury to the plaintiffs must have been avoidable if the defendants had at any time ceased their wrongful conduct." *Id.*

There can be no dispute that the Developer could have filed suit as soon as it acquired the property subject to the owner-occupied condition. Accordingly, in its prior Order, the Court held that "the Developer's cause of action accrued when it purchased the

property," sometime between 1996 and 2006.  (Doc. # 25 at 9).  For this reason, the Court concluded that the Developer's procedural due process and substantive due process claims were time-barred.[2]

The Developer argues its claims fall within the continuing-violation doctrine and therefore, the statute of limitations "does not apply to immunize" the City's "unconstitutional act." (Doc. # 26 at 9).  The Developer asserts that "the City never had the power to forbid Plaintiffs' from renting the Property in the first place – where those actions were unconstitutional on their face – the City's actions actively deprived Plaintiffs of their asserted constitutional rights every day that [the owner-occupied condition] remained in effect." *Id.* (internal quotation marks omitted).  In support of this argument, the Developer attempts to liken its case to *Kuhnle Brothers*, which the Court relied on in its prior Order.

In *Kuhnle Brothers*, the plaintiff-trucking company challenged the county's continued enforcement of an ordinance restricting the company from using certain roads.  *Kuhnle Bros.*, 103 F.3d at 521-22.  The Sixth Circuit held that the plaintiff's takings claim and substantive due process claim for deprivation of property began to accrue, for statute of limitations purposes, on the date the resolution was enacted, and thus, were time-barred. *Id.* at 521.  However, the Sixth Circuit held that the plaintiff's substantive due process claim for deprivation of liberty was "another matter." *Id.*  Because the plaintiff claimed it had been deprived of a liberty interest "assertedly created by a fundamental constitutional right to

---

2  Because the Developer presented no time line for the City's alleged violation of its equal protection rights, the Court could not determine whether that claim was time-barred. However, the Court held that such an inquiry was unnecessary because the Developer failed to present any facts to support its equal protection claim, and instead "asserted the kind of 'the-defendant-harmed-me' allegations that are insufficient under *Twombly* and *Iqbal*." (Doc. # 25 at 10).  The Developer has explicitly abandoned its equal protection claim for the purposes of its Motion for Reconsideration.  (Doc. # 29 at 6, n.2).

intrastate travel," the court held that "if such liberty interests do in fact exist ... then each day that the invalid resolution remained in effect, it inflicted continuing and accumulating harm." *Id.* at 522. Therefore, the Sixth Circuit concluded that the plaintiff's substantive due process claim for deprivation of liberty asserted a "continuing violation" and was not time-barred. *Id.*

As the Court made clear in its prior Order, § 1983 is simply a vehicle for "vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Accordingly, the Court must separately address the accrual dates for each of the Developer's various claims under § 1983. *See Kuhnle Bros.*, 103 F.3d at 520-22; *see also Froling v. City of Bloomfield Hills*, No. 12-12464, 2013 WL 2626618, at *5-6 (E.D. Mich. Jun. 11, 2013).

### 1. Procedural Due Process and Substantive Due Process Property Claims

The Court noted in its prior Order that the Developer's procedural due process claim was "somewhat perplexing." (Doc. # 25 at 9). The Developer's Motion for Reconsideration fails to describe this claim in any additional detail. Because the Developer seemed to complain about the City's application of the owner-occupied restriction to its use of the property, the Court concluded that the Developer had a complete and present cause of action when it acquired the property. *Id.*

In its Motion for Reconsideration, the Developer continues to take issue with the City's argument that the statute of limitations began to run on the date the owner-occupied condition was imposed. However, the Court flatly rejected that proposition in its prior Order and explained:

> Although the owner-occupied condition was first imposed in 1996, the Court cannot conclude that the cause of action accrued at that time because the Developer did not own the property.  Thus, the Developer did not have a complete and present cause of action in 1996.  If this Court were to accept the City's proposition and hold that the Developer's cause of action accrued in 1996, it would effectively impose a rule permitting unconstitutional conditions to exist indefinitely.  Many landowners would be unable to challenge property restrictions imposed on their property, simply because the statute of limitations began running prior to their purchase of it.  The law does not required such a result.

(Doc. # 25 at 6-7).  In fact, such a result would transform the statute of limitations into a statute of repose.

However, the Developer's argument that its claims did not accrue until the date that the City denied the re-zoning application must also be rejected.  "If the Court were to accept this argument, it would effectively render the statute of limitations meaningless." *Id.* at 8.  Under that construction, an "owner who acquires property, knowing that there are restrictions on it, would be permitted to sue whenever he has a change of heart about his plans for the property." *Id.*  This interpretation would completely frustrate the two purposes that statutes of limitations serve: "requiring plaintiffs to bring claims before evidence is likely to have grown stale" and "allowing potential defendants repose when they have not been put on notice to defend within a specified period of time."  *Kuhnle Bros.*, 103 F.3d at 522.

Any deprivation of property that the Developer suffered because of the owner-occupied condition was fully effectuated when the Developer acquired the property, subject to that restriction.  *See Kuhnle Bros.*, 103 F.3d at 521.  Therefore, the statute of limitations began to accrue at sometime between 1996 and 2006, and the Developer's procedural due process claim, which it did not bring until 2015, is time-barred by the one-year statute of

limitations.  The same can be said for any substantive due process claim based on a deprivation of property.

The Developer argues that "in holding Plaintiffs' claims became time[-]barred in 2006," the Court has permitted an unconstitutional condition to exist indefinitely.  (Doc. # 26 at 5).  This argument is meritless.  If accrual began in 1996, the Developer would have had no opportunity to challenge the alleged deprivation of property rights.  Instead, accrual began in 2006.  The Developer had a chance to challenge the owner-occupied condition as a deprivation of property rights, but it failed to take advantage of that opportunity before the statute of limitations expired.  Accordingly, it was not clear error for the Court to determine that the Developer's procedural due process claim and substantive due process claim based on a deprivation of property were time-barred and properly dismissed.  Therefore, the Developer's Motion for Reconsideration is **denied in part** as it relates to its procedural due process claim and substantive due process claim based on a deprivation of property.

### 2.      Substantive Due Process Liberty Claim

At the dismissal stage, the Developer made "no attempt to distinguish between the property interests and liberty interests at issue" in this case.  (Doc. # 25 at 6, n.2).  "Because the liberty and property interests seem[ed] to overlap ... in that they both focus[ed] on the Developer's ability to develop this tract of land, the Court consider[ed] them as one."  *Id.*  Although the Developer has continued to discuss its substantive due process rights in tandem, upon further reflection, the Court has determined that it is more appropriate to separate the substantive due process claim based on the deprivation of property from the liberty claim, as the Sixth Circuit did in *Kuhnle Brothers.*

9

The Court addressed the Developer's substantive due process claim based on a deprivation of property in the preceding section.  The Developer's substantive due process claim based on a deprivation of liberty warrants additional discussion.  The Developer has alleged that the owner-occupied restriction deprives it of its liberty interests assertedly created by a "fundamental constitutional right to rent its property."  As in *Kuhnle Brothers*, "[i]f such liberty interests do in fact exist in this case ... then each day that the invalid [restriction] remain[s] in effect, it inflict[s] continuing and accumulating harm" on the Developer.  *Kuhnle Bros.*, 103 F.3d at 522 (citing *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 502, n.15 (1968)).

The Developer's substantive due process claim based on an alleged deprivation of liberty satisfies the three-part test for determining whether a "continuing violation" exists. The City's alleged wrongful conduct – the imposition of the owner-occupied restriction – has "continue[d] after the precipitating event that began the pattern" because the restriction remains in effect and the City denied the Developer's request to remove the condition. *Tolbert*, 172 F.3d at 940.  The Developer's alleged injury, the inability to rent its property, has "continue[d] to accrue after that event."  *Id.*   And finally, "further injury" to the Developer could have been "avoidable if [the City] had at any time ceased their [allegedly] wrongful conduct."  *Id.*  Thus, as alleged, the Developer's substantive due process claim based on a deprivation of liberty constitutes a "continuing violation" and the statute of limitations was tolled.

Accordingly, that claim should not have been dismissed on statute of limitations grounds.  In this narrow respect, the Developer's Motion for Reconsideration is **granted in**

**part**. Therefore, the Court will consider the merits of this claim, which it declined to do in its prior Order.

### C.      *The Merits of the Sole Surviving Claim*

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).   It must also contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.   Moreover, the Court "is not bound to accept as true unwarranted factual inferences, or legal conclusions unsupported by well-pleaded facts." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010).

To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law deprived him or her of a right secured by the Constitution or the laws of the Untied States. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  When a plaintiff brings a claim against an entity defendant, the plaintiff must establish the violation of a constitutional right and that "the municipality's policy or custom led to the violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014).  Regardless of whether the claim is against an individual state actor or a governmental entity, the plaintiff must establish the violation of a constitutional right or a right created by federal law.

"The Fourteenth Amendment of the United States Constitution protects individuals from the deprivation 'of life, liberty, or property, without due process of law.'" *EJS*

*Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (quoting U.S. CONST. AMEND. XIV, § 1).  "The clause has both a substantive and a procedural component." *Id.* "[S]ubstantive due process protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Id.* (internal citations and quotation marks omitted).

The Developer claims that it has a "constitutionally protected property and liberty interest relative" to the owner-occupied condition.  (Doc. # 26 at 6).  Specifically, the Developer asserts that "the right to 'use and dispose' of one's property are fundamental rights," and the "right to rent one's property is a 'discrete interest in land.'"  *Id.*  The Developer also claims that "a great deal of case law supports [its] allegation that the City has exceeded its zoning powers ... by restricting the status of those who may occupy the Property."  *Id.*  In support of that statement, the Developer cites several secondary sources and includes a string cite to a multitude of cases from foreign jurisdictions that allegedly support the merits of its claim.  *Id.* at 6-8.  The City contests the Developer's claims that it has a constitutionally protected property or liberty interest in renting their property.  (Doc. # 28 at 8-10).  The City also made these arguments in its Motion to Dismiss.  (Doc. # 22-2 at 11-13; Doc. # 24 at 12-13).  Because the Developer's attempt to establish the violation of a constitutional right is unsuccessful, its substantive due process claim based on a deprivation of liberty fails.

The Court recognizes that the "right to liberty means 'more than the absence of physical restraint.'" *EJS Properties*, 698 F.3d at 860 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 719 (1997)).  "In addition to the specific freedoms protected by the Bill of Rights, the 'liberty' specially protected by the Due Process Clause includes the rights to

marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion." *Id.* (citing *Glucksberg*, 521 U.S. at 720). "The list of liberty interests and fundamental rights 'is short, and the Supreme Court has expressed very little interest in expanding it.'" *Id.* (quoting *Seal v. Morgan*, 229 F.3d 567, 574-75 (6th Cir. 2000)). "In analyzing whether a particular right implicates the protection of the Due Process clause, we first carefully define the asserted right and then ask whether it is 'deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed.'" *Johnson v. City of Cincinnati*, 310 F.3d 484, 495 (6th Cir. 2002) (quoting *Glucksberg*, 521 U.S. at 721).

"To state a substantive due process claim in the context of zoning regulations, a plaintiff must establish that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008). The Court has found no support for the proposition that a citizen has a fundamental right or liberty interest in renting their property. The Developer's string cite to other states' decisions, which apparently conclude that zoning boards cannot regulate the ownership of property, fails to persuade the Court. (Doc. # 26 at 7-8).

The Court recognizes that "substantive due process is not a rigid conception;" however, it also does not "offer recourse for every wrongful action taken by the government." *EJS Properties*, 698 F.3d at 862. Instead, "[s]ubstantive due process affords only those protections so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990) (internal

citations and quotation marks omitted).   Despite the Developer's wishes, there is no recognized fundamental right to use your property however you wish or rent your property. And the Court "declines to create today a new liberty interest" in renting property.  *EJS Properties*, 698 F.3d at 860.  Thus, the Developer has no protectable liberty interest in renting its land in the Plantation Pointe development, and no substantive due process claim based on a deprivation of liberty.  Accordingly, the Developer has failed to state a claim to relief that is plausible on its face, and its sole claim that survived the statute of limitations must be dismissed.

## IV.   Conclusion

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)   Plaintiffs Hills Developers, Inc. and Anabasis, LLC's Motion for Reconsideration (Doc. # 26) is **denied in part**, with respect to the procedural due process claim and substantive due process claim based on a deprivation of property, and **granted in part**, with respect to the substantive due process claim based on a deprivation of liberty;

(2)   Defendant City of Florence's Motion to Dismiss (Doc. # 22) is **granted in full**;

(3)   Plaintiffs' Complaint (Doc. # 1) is **dismissed**;

(4)   This is a final and appealable Order; and

(5)   This action is hereby **stricken** from the Court's active docket.

This 16th day of March, 2017.



Signed By:

*David L. Bunning*

United States District Judge